Was the scene of the accident a disputed matter? No. Was the width of the road a disputed matter? No. Were either of these the subject of conflicting evidence? No. So why is the Court of Criminal Appeals wrong in deferring to the trial court's decision as to whether the conduct of the jurors, who visited the street where the accident occurred, was so prejudicial to the defendant that it warrants a new trial? I have carefully reviewed the ore tenus evidence of the jurors presented during the hearing on the motion for new trial. A new trial should be granted if the action of the jurors resulted in bias or corruption or otherwise affected the verdict, or if from the extraneous facts prejudice may be presumed as a matter of law.Whitten v. Allstate Insurance Co., 447 So.2d 655, 658 (Ala. 1984). The record shows no bias or corruption. The record shows that the view of the street where the car hit the pedestrian *Page 263 
did not affect the verdict of any of the jurors. Does a juror's visit to the street, which is not the subject of conflicting evidence, require the trial court to presume prejudice as a matter of law? I think not; however, the majority holds that it does. Therefore, I respectfully dissent.
MADDOX and INGRAM, JJ., concur.